IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON L. STEWART,

       Petitioner,

v.                                                    Civil Action No. 5:05CV188
                                                    Criminal Action No. 5:04CR18
                                                      (JUDGE STAMP)

UNITED STATES OF AMERICA,

       Respondent.

**REPORT AND RECOMMENDATION THAT § 2255 MOTION BE DENIED
AS TO GROUND THAT PETITIONER
DIRECTED COUNSEL TO FILE AN APPEAL**

**I. Introduction**

On November 21, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On December 5, 2005, petitioner filed a Motion for Leave to File Attachment to 28 U.S.C. § 2255 Motion to Vacate or Correct Sentence. The Government filed its response March 27, 2006. Petitioner filed a reply May 4, 2006. A Report and Recommendation was entered June 26, 2007 recommending denying the motion on all but one ground and setting an evidentiary hearing on the allegation that counsel failed to file an appeal as directed by petitioner. An evidentiary hearing was held August 14, 2007. Testimony was taken from petitioner and his former counsel, Lisa M. Bagay, Esquire.

**II. Findings of Fact**

Petitioner testified he met with his former counsel, Ms. Bagay, at the Northern Regional Jail six or seven times during the course of her representation of him. Petitioner testified that Ms. Bagay did not discuss the paragraph in the plea agreement waiving his right to appeal with him. Petitioner testified when he and Ms. Bagay met prior to his execution of the plea agreement and entry of his

plea that if he was sentenced to the high end of the guidelines he wanted to appeal and Ms. Bagay said O.K. When petitioner received the presentence report, he said he was shocked that he was designated a career offender because Ms. Bagay had told him he was unlikely to be designated a career offender because he had cooperated with Assistant United States Attorney, John C. Parr. Petitioner called Ms. Bagay and told her he would have not have signed a plea agreement if there were a possibility he would be designated a career offender. Petitioner testified he instructed Ms. Bagay to appeal. Ms. Bagay told him it was too late to appeal because he had signed a waiver of his appeal rights. Petitioner believed then his only hope was that he would be sentenced to the low end of the guidelines. Petitioner said he did not review the presentence report with Ms. Bagay. Petitioner was debriefed by DEA agents and was trying to get a 5k1 or a Rule 35 sentence reduction. Petitioner did not again ask Ms. Bagay to file an appeal until after sentencing. After sentencing and before the United States Marshals Service removed him from the courtroom, he asked Ms. Bagay to file an appeal. Ms. Bagay said it was too late. Petitioner testified he did not subsequently tell Ms. Bagay to file an appeal because he felt he was wasting his time. On cross examination the Government established that the Government told petitioner through counsel there was the possibility the Government would file an 851 information which would result in life imprisonment. The Government gave up that right in exchange for petitioner's cooperation and let petitioner's record speak for itself. Petitioner had two prior drug felony convictions and was classified as a career offender with a minimum sentence of 261 months. Petitioner admitted he praised Ms. Bagay's efforts on his behalf at his sentencing and afterwards wrote her letters thanking her for her excellent representation of him.

Ms. Bagay testified her standard procedure relating to plea agreements for people who can read, write, and comprehend a written document is to ask the defendant to read the agreement and explain each paragraph to her. Ms. Bagay testified petitioner was very articulate. There were discussions early on about career offender and being life eligible. Ms. Bagay testified petitioner never, at any time, asked her to file an appeal. Further, petitioner's concern from the beginning was that he did not want to "do life".

Ms. Bagay's testimony was extremely credible and petitioner's testimony was not credible. The fact that petitioner, an experienced criminal defendant, testified that he praised Ms. Bagay at sentencing and wrote letters thanking her for her representation makes his testimony now highly suspect. I find petitioner did not ask Ms. Bagay to appeal his sentence.

### III. Recommendation

I recommend petitioner's motion be denied as to the ground that petitioner instructed his counsel to file an appeal.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative

Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

    DATED: November 7, 2007

                                          /s/ James E. Seibert
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE