IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON L. STEWART,

    Petitioner,

v.                                     Civil Action No. 5:05CV188
                                     (Criminal Action No. 5:04CR18)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION
THAT § 2255 MOTION BE DENIED AS TO ALL GROUNDS,
EXCEPT SETTING AN EVIDENTIARY HEARING ON ALLEGATION
IN REPLY THAT COUNSEL FAILED TO APPEAL,
APPOINTING COUNSEL FOR THE EVIDENTIARY HEARING AND
PROVIDING THAT COUNSEL, PARTIES AND WITNESSES
MORE THAN 40 MILES FROM THE WHEELING POINT OF HOLDING
COURT MAY APPEAR BY VIDEO OR TELEPHONE CONFERENCING**

I.  Procedural History

On November 21, 2005, pro se[1] petitioner Jason L. Stewart ("Stewart") filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. Subsequently, the petitioner filed a motion for leave to file an attachment to his petition. The government filed a response to the petition to which the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. On June 26, 2007, Magistrate Judge Seibert issued a report and

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

recommendation recommending that the petitioner's § 2255 application be denied as to all grounds, except as to petitioner's contention that he received ineffective assistance of counsel because his attorney did not file an appeal of his sentence, as requested by the petitioner. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The time for objections has now passed, and no objections have been filed to date.

## II. Facts

On July 15, 2004, the petitioner plead guilty in the Northern District of West Virginia to one count of possession with intent to distribute in excess of 50 grams of cocaine base. On December 1, 2004, the petitioner was sentenced to 262 months imprisonment.

After his sentencing, the petitioner filed a motion to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F.

Supp. 825 (E.D. Cal. 1979). Because the parties did not file any objections, this Court reviews the report and recommendation for clear error.

## IV. Discussion

The petitioner contends in his § 2255 petition that he received ineffective assistance of counsel because his attorney failed to adequately investigate the facts surrounding his arrest and failed to move to suppress improperly obtained evidence. Additionally, in his later filed attachment to his § 2255 petition, the petitioner alleges that he is entitled to be resentenced under the Supreme Court's opinions in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). Lastly, in his reply to the government's response to the § 2255 petition, the petitioner alleges that his counsel failed to file an appeal after being requested to do so by the petitioner. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 application be denied with the exception of an evidentiary hearing to determine whether the petitioner requested his attorney to file an appeal and whether counsel ignored or refused instructions, because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction when he

plead guilty to Count Two of an indictment charging him with possession with intent to distribute in excess of 50 grams of cocaine base. Specifically, the petitioner signed a plea agreement on July 15, 2004, which stated that he "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), where the sentence is based upon a level 34 or less."[2] Additionally, the magistrate judge found that regardless of petitioner's waiver of the right to collaterally attack his conviction and sentence, Booker, 543 U.S. at 220, does not apply retroactively to collateral attacks. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005). The magistrate judge also recommended that the petitioner receive an evidentiary hearing addressing whether petitioner instructed his counsel to file an appeal and whether counsel ignored such instructions.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

---

[2]The plea agreement was accepted and filed by this Court on July 23, 2004. At the petitioner's sentencing hearing on December 1, 2004, this Court determined that the petitioner's total offense level under the federal sentencing guidelines was a 34.

4

§ 2255 is DENIED, with the exception of an evidentiary hearing to determine whether the petitioner requested his attorney to file an appeal and whether counsel ignored or refused instructions.[3]

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.

DATED:   October 27, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[3]An evidentiary hearing was held before the magistrate judge on August 14, 2007.